Seawell, J.
delivered the opinion of the Court:
An instrumentary or subscribing witness is required to be produced on the ground that the testimony of a person who has placed his name as attesting witness to a paper, can give more satisfactory evidence of its execution than any other; and not, as it is frequently said, that he is presumed to know the consideration on which it was given. As the rule holds as well where the question is simply as to its execution, as where an illegal consideration is alleged in the pleadings, and as long as that presumption holds, so long the rule prevails; but when it is destroyed, the next best evidence, of which the nature of the case admits, will be received. And that presumption may in various ways be destroyed; as, by proving that the witness is dead, or out of the reach of the process of the Court, or that diligent search *376 had been made for him, and that he cannot be found; in which cases, proof of his hand-writing may be made; also by proving that it is a fictitious signature, or that it is in the hand-writing of the obligor himself, or of the obligee, where the bond is assigned, as in the present case; in which latter cases it is as if there was no subscribing witness; when evidence of the hand-writing of the obligor, as the best the nature of the case affords, would be proper. Thus we think that the Judge did right in suffering the bond to go to the Jury, independently of the circumstances of fraud arising out of the case, that it was a base contrivance between the obligor and obligee to cheat and defraud some person by endorsing or transferring it. And we cannot forbear to observe, that if the facts stated in this case be true, we scarcely know more fit subjects for a criminal prosecution than the parties concerned. Let the rule, therefore, for a new trial be discharged.